**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                             CASE NO. 5:07cr10-RH

ANGELA CRISHAWNA WRIGHT,

          Defendant.

_____/


**ORDER ESTABLISHING PROCEDURES ON A POSSIBLE
SENTENCE REDUCTION UNDER AMENDMENT 782**


The defendant Angela Crishawna Wright has moved to reduce her sentence

based on United States Sentencing Guidelines Amendment 782. This order

requires the government to respond to the motion and sets out my preliminary

analysis showing that Ms. Wright is eligible for a reduction.

I

The Sentencing Guidelines establish a guideline range for each defendant.

The range is based on the defendant's "total offense level" and "criminal history

category." The total offense level is based on the defendant's "base offense level"

with increases or decreases based on specific offense characteristics. For drug

offenses, the base offense level ordinarily turns on the type and quantity of drugs

properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2014).

Amendment 782 became effective on November 1, 2014. The amendment reduced the base offense level for most drug offenses. This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses. Amendment 706 became effective on November 1, 2007; Amendment 715 became effective on May 1, 2008; and Amendment 750 became effective on November 1, 2011.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date. The statute provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and

to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10. As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

## III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 782 in the list of retroactive amendments. The change took effect on November 1, 2014.

The Guidelines impose explicit limits. First, a court must not reduce a sentence unless the amendment changed the defendant's guideline range. *See id.* § 1B1.10(a)(1). Second, the Guidelines limit the extent of any reduction. For a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range. *See id.* § 1B1.10(b)(2)(A). For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id.* § 1B1.10, cmt. n.1(A), nor less than the time the defendant has already served, *see id.* § 1B1.10(b)(2)(C).

IV

Ms. Wright was sentenced on June 28, 2007. Her total offense level was 39, her criminal history category was III, and the guideline range was 324 to 405 months. The minimum mandatory sentence was 10 years. The judge presiding over the case at the time sentenced Ms. Wright to 364 months, the midpoint of the guideline range, rounded in Ms. Wright's favor.

Amendments 706, 715, and 750 did not affect Ms. Wright, because her offense involved powder cocaine, not crack. Under Amendment 782, Ms. Wright's

recalculated total offense level is 37, her criminal history category remains III, and the amended guideline range is 262 to 327 months. Amendment 782 would allow a reduction of Ms. Wright's sentence to not less than 262 months.

V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limits set out above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10 cmt. n.1(B).

Based on the existing record in this case, including the presentence report, I intend to reduce Ms. Wright's sentence to 262 months, unless the government or Ms. Wright shows that I should not do so. So that any issues may be appropriately resolved,

IT IS ORDERED:

1. By January 27, 2017, the government must file a memorandum setting out its position—or lack of a position—on the possible reduction of Ms. Wright's sentence. By the same date, the government may file materials in support of its position.

2. At any time, Ms. Wright may—but need not—file a memorandum addressing the possible sentence reduction, together with any supporting materials.

3. An order reducing Ms. Wright's sentence may be entered at any time after January 27, 2017.

4. The clerk must provide a copy of this order to Ms. Wright herself by mail and to the attorneys of record, including the Federal Public Defender, through the electronic filing system.

SO ORDERED on December 30, 2016.

s/Robert L. Hinkle
United States District Judge